UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD BOBO,

    Plaintiff,

                                      Case No. 13-14696

v.

                                      Hon. John Corbett O'Meara

TROTT & TROTT, P.C.,

    Defendant.

_____/

## ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss or for summary judgment, filed December 9, 2013, which has been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

In his complaint, Plaintiff Reginald Bobo alleges that Defendant Trott & Trott, P.C., violated the Fair Debt Collection Practices Act. Specifically, Plaintiff contends that Defendant sent him a debt collection letter on August 27, 2013, which did not identify the name of the creditor or offer the validation or dispute rights mandated by the FDCPA. See Compl. at ¶¶ 21, 23. Although Plaintiff characterizes the letter as a "foreclosure demand letter," the letter attached to the complaint is entitled "Notice to Vacate." The letter states: "This office represents the company that now owns the above-referenced real property following a

mortgage foreclosure and expiration of the applicable redemption period. Our client is seeking possession of the premises as soon as permitted by law." Compl. at Ex. 1. The letter demands that Plaintiff vacate the property by November 27, 2013.

The property at issue is Plaintiff's home at 44 Illinois Avenue, Pontiac, Michigan. The property went into foreclosure and was sold at a Sheriff's sale on February 5, 2013. Def.'s Ex. 2. After the redemption period expired, Nationstar Mortgage, LLC, the purchaser at the Sheriff's sale, held title to the property. Nationstar then sought possession of the property and hired Trott & Trott to commence eviction proceedings. Defendant sent Plaintiff the August 27, 2013 "notice to vacate" and then initiated an eviction action in state district court. See Compl. at Exs. 1, 2. That action resulted in a judgment of possession in Nationstar's favor, dated October 30, 2013. Def.'s Ex. C. Plaintiff appealed the judgment of possession to Oakland County Circuit Court; where the record reflects the appeal is still pending. Def.'s Ex. D.

## LAW AND ANALYSIS

Defendant seeks dismissal of Plaintiff's FDCPA claim, contending that the FDCPA does not apply because, in sending the "notice to vacate" and instituting eviction proceedings, Defendant was not attempting to collect a debt. The

substantive provisions of the FDCPA apply to actions taken "in connection with the collection of any debt." See, e.g., 15 U.S.C. § 1692g; Glazer v. Chase Home Finance LLC, 704 F.3d 453, 459-60 (6th Cir. 2013). In Glazer, the Sixth Circuit noted that although the FDCPA does not define "debt collection," it does define "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]" 15 U.S.C. § 1692a(5); Glazer, 704 F.3d at 460. The court concluded that "if a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." Id. The court held that mortgage foreclosure is a "means" to collect a debt and that "mortgage foreclosure is debt collection under the FDCPA." Id. at 461-62.

Relying on Glazer, Plaintiff argues that the FDCPA applies to Defendant's actions, which it characterizes as "mortgage foreclosure activity." However, at the time of Defendant's involvement, the mortgage foreclosure process was complete: a Sheriff's sale was held and the redemption period had expired.[1] Defendant's role

---

[1] Nationstar purchased the property for $318,050.17. The record does not reflect whether this was the full amount of Plaintiff's indebtedness; if it was a full credit bid, "the mortgage debt is satisfied, and the mortgage is extinguished." New Freedom Mortg. Corp. v. Glob Mortg. Corp., 281 Mich. App. 63, 68 (2008).

was to send the notice to vacate and commence eviction proceedings. Defendant was not seeking a deficiency judgment or the payment of money; rather, Defendant demanded that Plaintiff vacate the premises. See Complaint to Recover Possession of Property, Complaint at Ex. 2. Under these circumstances, Defendant was not attempting to collect a debt. See Bond v. U.S. Bank N.A., 2010 WL 1265852 at *5 (E.D. Mich. Mar. 29, 2010) (Cohn, J.).

Under similar facts, the Bond court concluded that summary eviction proceedings did not implicate the FDCPA:

> As described above, these debt collection activities are not the subject of this action. In contrast, summary eviction can only occur after title has changed hands and a former debtor remains in possession. At that point, the debt collection process has ended and the plaintiff is seeking possession of the property rather than monetary damages. U.S. Bank's summary eviction complaint confirms that it sought possession rather than monetary damages. Because U.S. Bank was not seeking to collect a debt when it initiated the summary eviction proceedings against Bond, its actions could not violate the FDCPA.

Id. See also Burks v. Washington Mut. Bank, F.A., 2008 WL 4966656 at *8-9 (E.D. Mich. Nov. 17, 2008) (Duggan, J.) ("At the time of Trott's allegedly abusive conduct plaintiffs had no outstanding obligation to pay money because the foreclosure proceedings were complete and the home had already been sold at a

sheriff's sale."). Accordingly, the court finds that Defendant was not attempting to collect a debt when it sent Plaintiff the notice to vacate and initiated eviction proceedings. Because Defendant was not attempting to collect a debt, the FDCPA does not apply.

Defendant seeks sanctions based upon the allegation that Plaintiff's complaint is frivolous. Although the court finds that Plaintiff's complaint lacks merit, it does not find it to be frivolous. Defendant's request for sanctions is denied.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion for summary judgment or to dismiss is GRANTED, consistent with this opinion and order. Plaintiff's complaint is DISMISSED.

                                                             s/John Corbett O'Meara
                                                             United States District Judge

Date: February 12, 2014

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 12, 2014, using the ECF system.

                                                             s/William Barkholz
                                                             Case Manager